intUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRON DUMEL,

                       Plaintiff,

    -v-

WESTCHESTER COUNTY, *et al.*,

                   Defendants.

19-CV-2161 (KMK)

<u>ORDER</u>

---

KENNETH M. KARAS, United States District Judge:

Plaintiff Tyron Dumel ("Plaintiff") brings this pro se Action, pursuant to 42 U.S.C. § 1983, against Westchester County (the "County"), Correct Care Solutions, LLC ("Correct Care"), Medical Director Dr. Raul Ulloa ("Ulloa"), Commissioner Joseph Spano ("Spano"), Sergeant Matthew Kitt ("Kitt"), alleging that Defendants were deliberately indifferent to his serious medical condition.  (*See* Am. Compl. (Dkt. No. 33).)  On May 21, 2019 the Court granted Plaintiff's request to proceed in forma pauperis ("IFP").  (*See* Dkt. No. 5.)  On April 1, 2022, Plaintiff submitted an application requesting appointment of pro bono counsel (the "Application").  (Dkt. No. 84.)

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "should . . . determine whether the indigent's position seems likely to be of substance."  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41

(2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first

whether the claimant has met a threshold showing of some likelihood of merit." (internal

quotation marks omitted)).  In other words, the claim must not be so "highly dubious" that the

plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (internal quotation marks

omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants

liberally and interprets them to raise the strongest arguments that they suggest.  *See Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679

F. Supp. 2d 468, 472 (S.D.N.Y. 2010).  Second, "[i]f the claim meets this threshold

requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the
> need for cross-examination will be the major proof presented [to the fact finder],
> the indigent's ability to present the case, the complexity of the legal issues and any
> special reason . . . why appointment of counsel would be more likely to lead to a
> just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE*

*(Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that

the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris*

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*,

802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A

plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*,

No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action,

an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is

not appropriate and should not even be considered . . . .").

Plaintiff's Application states, "Currently, [Plaintiff] is unemployed, has no assets or property, and receives pay wage of $0 every two weeks from the State.  [Plaintiff] sufficiently is indignant [sic] and a waste of Federal Judicial resources to appoint pro-bono counsel in this petition."

Plaintiff's Application states in part,

> The reason I'm asking you to grant me an attorney is because I lack the understanding in this suit.  I do not have a basic education.  I did not finish high school or even achieve a G.E.D.  I've been in special education classes since elementary classes.  I feel that if I were to go through discovery & summary judgement [sic] without help my civil suit would be tossed due to my mistake. Judge, I know my rights were violated but I am not good with the law. . . . I am incarcerated currently . . . [and] lack [the] money to afford [an attorney]."

(Application (Dkt. No. 84).)

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel.  Although Plaintiff states he "lack[s] [] understanding in this suit" and "is not good with the law," a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).  Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1.

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).  Indeed, Plaintiff's "complaint articulates a

clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at \*2 (S.D.N.Y. Feb. 3, 2006).  Plaintiff's claim is largely based on the retelling of events that happened in his presence and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at \*2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").  Additionally, Plaintiff has demonstrated his ability to present the case himself through his submissions in this instant Action that adequately express his arguments and desired forms of relief.  *See Harrison v. N.Y C. Admin. for Children s Servs.*, No. 02-CV-947, 2002 WL 2022871, at \*1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings").

The Court also considers Plaintiff's "ability and efforts to obtain counsel." *Mena*, 2013 WL 1165554, at \*1.  Here, Plaintiff fails to indicate what steps, if any, he has taken to obtain counsel on his own and the results of those efforts.  And while Plaintiff asserts he "lack[s] [the] money to afford [an attorney]," (*see* Application), Plaintiff has not shown that he has reached out to legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono.  *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at \*2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their

necessary inexpertise in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.  In any event, the Court can again consider appointing counsel if and when this case proceeds to trial.

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application.  The Clerk is directed to terminate the pending Application, (Dkt. No. 84), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    May 6, 2022
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge